IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES WILLIAMSON,

    Petitioner,                    No. CIV S-07-1866 JAM DAD P

    vs.

ROBERT HOREL, Warden,

    Respondent.                 FINDINGS & RECOMMENDATIONS

/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 28, 2008, the undersigned ordered respondent to file a response to the petition. On April 30, 2008, respondent filed a motion to dismiss on the grounds that petitioner's petition is successive under 28 U.S.C. § 2244(b) and was filed beyond the one-year statute of limitations. On May 30, 2008, petitioner filed an opposition to the motion. On June 24, 2008, respondent filed a reply.

**BACKGROUND**

        On June 27, 1986, a Sacramento County Superior Court jury found petitioner guilty on fifty criminal counts, including burglary, residential robbery, assault with intent to commit rape, penetration with a foreign object, sodomy, false imprisonment, rape, receiving stolen property, assault with a deadly weapon, robbery, and kidnapping. (Resp't's Lodged Docs.

1

1-2 & 18.)  A number of sentencing enhancement allegations were found to be true.  (Id., Docs. 1-2.)  The trial court sentenced petitioner to four consecutive life terms, two concurrent life terms and a consecutive indeterminate term of 63 years in state prison.  (Id., Docs. 1-2 & 18.)

On January 6, 1989, the California Court of Appeal for the Third Appellate District reversed three false imprisonment convictions, ten special findings, and the imposition of the sentence with respect to five of the criminal counts.  The court stayed the sentences imposed on an additional nine counts.  The Court of Appeal's decision resulted in the reduction of petitioner's determinate state prison term by ten years and stayed the concurrent indeterminate life sentences.  The Court of Appeal affirmed the judgment in all other respects.  (Resp't's Lodged Docs. 2 & 18.)  On April 19, 1989, the California Supreme Court denied petitioner's petition for review.  (Id., Doc. 4.)

Petitioner filed seven collateral challenges to his conviction in state court.  He filed his first petition with the California Supreme Court on or about August 15, 1989.  He filed six subsequent petitions at various levels of the state court system until the California Supreme Court denied his seventh and final petition on February 7, 2007.  (Resp't's Lodged Docs. 5-16.)

On or about April 25, 1991, petitioner filed a federal habeas application in this court challenging the same judgment of conviction he now seeks to challenge in the instant petition.  (Resp't's Lodged Doc. 17; Case No. CIV S-91-0501 GEB JFM P.)  On December 21, 1994, the assigned district judge in that case adopted the magistrate judge's findings and recommendations and dismissed the 1994 federal petition on the merits.  (Resp't's Lodged Docs. 18-19; Case No. CIV S-91-0501 GEB JFM P.)  Petitioner appealed from that decision to the United States Court of Appeals for the Ninth Circuit.  (Resp't's Lodged Doc. 20.)  The Ninth Circuit affirmed the judgment on November 1, 1995.  (Resp't's Lodged Doc. 21.)

On or about July 7, 2007, petitioner filed the instant petition in the United States District Court for the Northern District of California.  On September 11, 2007, that court transferred the case to this court where venue is proper.

**RESPONDENT'S MOTION TO DISMISS**

I. <u>Respondent's Motion</u>

Respondent argues that the pending petition is successive and untimely. (Resp't's Mot. to Dismiss at 1.) First, respondent argues that petitioner previously filed a federal habeas petition in this court, challenging the same state court conviction and sentence he now seeks to challenge once again. The respondent notes that this court denied that earlier petition on the merits. Respondent contends that, because petitioner raised his sole claim regarding jury selection process in his prior federal petition, his current petition must be dismissed pursuant to 28 U.S.C. § 2244(b). Respondent also notes that petitioner has not obtained an order from the Ninth Circuit authorizing the district court to consider this second and successive petition. Accordingly, respondent concludes that the court should dismiss the instant petition without prejudice to re-filing if petitioner obtains the necessary order from the Ninth Circuit. (<u>Id.</u> at 2.)

Respondent also argues that the court should dismiss the instant petition because it is untimely. (Resp't's Mot. to Dismiss at 4-5.) Respondent argues that petitioner's conviction became final on July 18, 1989, before the enactment of Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). For purposes of the AEDPA statute of limitations, respondent contends that petitioner's federal petition was due April 25, 1997, one year after the effective date of AEDPA, plus any time for tolling. (<u>Id.</u> at 5.)

Respondent acknowledges that the proper filing of a state post-conviction application with respect to the pertinent judgment or claim tolls the one-year limitations period. (Resp't's Mot. to Dismiss at 4-5.) However, respondent argues that petitioner did not file any state post-conviction collateral actions within the one-year limitations period for the filing of a federal petition. Respondent contends that the five state habeas petitions petitioner filed before commencement of the limitations period and the two state habeas petitions that he filed after the limitations period expired do not serve to toll the statute of limitations. Respondent asserts that petitioner's previously filed federal habeas petition also fails to toll the applicable federal statute

1 of limitations. Accordingly, respondent concludes that the instant petition is untimely by more
2 than ten years. (Id. at 5-6.)

3 II. Petitioner's Opposition

4       In opposition to respondent's motion to dismiss, petitioner does not dispute that
5 he previously filed a habeas petition in this court. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at
6 2.) However, citing the decision in Johnson v. California, 545 U.S. 162 (2005), petitioner argues
7 that since the denial of that earlier petition the United State Supreme Court has recognized a new
8 retroactive rule regarding jury selection discrimination claims. Petitioner contends that he
9 properly filed the instant petition within the one-year statute of limitations period that began to
10 run after the United States Supreme Court's decision in Johnson.

11       Petitioner also argues that he filed the now pending petition under exceptional
12 circumstances. Specifically, petitioner contends that he suffers from glaucoma which adversely
13 affects his vision and requires him to seek legal aid from others. Petitioner also contends that he
14 has had restricted access to the prison law library. (Id. at 3.) Petitioner concludes that the court
15 should deny respondent's motion to dismiss or, in the alternative, stay the action pending his
16 motion to the Ninth Circuit for an order authorizing this court to consider the instant petition.

17 III. Respondent's Reply

18       In reply, respondent argues that petitioner is not entitled to a delayed
19 commencement of the running of the federal statute of limitations. Specifically, respondent
20 contends that the decision in Johnson did not announce a new rule "but instead was an
21 application and explanation of the right recognized two decades ago. . . ." (Resp't's Reply at 3.)
22 In addition, respondent argues that petitioner has not met his burden of establishing his
23 entitlement to equitable tolling based on his glaucoma condition. (Resp't's Reply at 3.) In this
24 regard, respondent contends that petitioner has failed to provide any evidence that he actually
25 suffers from glaucoma. Moreover, respondent notes that petitioner very capably filed several
26 /////

state habeas actions, thus undermining his claim that the condition made it impossible for him to file a timely federal habeas petition.  (Id. at 4.)

**ANALYSIS**

The court's own records reveal that petitioner previously filed a petition for writ of habeas corpus attacking the same state conviction and sentence at issue here.  See Case No. CIV S-91-0501 GEB JFM P.[1]  In that case, petitioner claimed, inter alia, that the prosecutor improperly exercised peremptory challenges to exclude African Americans from his jury in violation of the Fourteenth Amendment.  As noted above, the court denied petitioner's federal application on the merits and that decision was affirmed by the Ninth Circuit Court of Appeals.

Similarly, in this case, petitioner's sole claim is that "the jury selection process discriminated against [him]."  (Pet. at 6.)  Petitioner explains that the Deputy District Attorney prosecuting the case excluded the few prospective black jurors as well as the other prospective minority jurors from the jury.  Petitioner notes that his trial counsel objected, but the court denied the Wheeler/Baston motion.  Petitioner acknowledges that he previously sought post-conviction relief on this same claim but argues that in rejecting his claim neither the state nor federal courts applied the proper standard later set out in the United States Supreme Court's ruling in Johnson.  (Id. at 6-6a.)

"A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."  28 U.S.C. § 2244(b)(1).  This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

/////

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

     (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

     (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Before a second or successive petition permitted by statute can be filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

    Here, petitioner in this case has not obtained an order from the Ninth Circuit Court of Appeals authorizing the district court to consider his second or successive petition. Petitioner cannot proceed with his successive petition in this court unless and until he obtains such an order.[2] Accordingly, petitioner's unauthorized second or successive petition should be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit authorizing him to file a second or successive petition.[3]

---

[2] Recognizing that he cannot proceed in this action on a second or successive petition without an order from the Ninth Circuit, petitioner requests a stay of this action. Petitioner is advised that he was required to seek the proper authorization from the Ninth Circuit before filing his petition in this court. 28 U.S.C. § 2244(b)(3)(A) ("*Before* a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." (emphasis added)). See, e.g., Burton v. Stewart, 549 U.S. 147, ___, 127 S. Ct. 793, 799 (2007) (district court lacks jurisdiction to entertain a second or successive petition until petitioner receives authorization from Court of Appeals); Brown v. Sec'y Dep't of Corrs., No 08-1970 T 23EAJ, 2008 WL 1776695 (M.D. Fla. Apr. 16, 2008) (habeas petitioner's "request for stay is not possible because this court lacks jurisdiction until the circuit court grants [petitioner] permission to file a second or successive petition"); Cousin v. Ramos, 2007 WL 3231968 (D. Ariz. Oct. 31, 2007) (same). Accordingly, petitioner's request for a stay should be denied.

[3] Given the recommendation that the instant petition be dismissed without prejudice as second or successive, the court need not address respondent's argument regarding the timeliness of the pending petition at this time. However, the undersigned would observe that it is likely that any federal petition attacking petitioner's 1986 state court conviction is likely barred by the applicable one-year federal statute of limitations since statutory tolling would be available only for one full round of collateral review in the state courts. See Delhomme v. Ramirez, 340 F.3d 817, 820-21 (9th Cir. 2003) (filing of a new habeas petition at the same or lower level triggers a separate round of collateral review for statute of limitations/tolling purposes); Biggs v. Duncan,

**CONCLUSION**

For the reasons discussed above, IT IS HEREBY RECOMMENDED that:

1. Respondent's April 30, 2008 motion to dismiss the petition as second or successive (Doc. No. 10) be granted;

2. Petitioner's May 30, 2008 motion to stay the matter (Doc. No. 14) be denied; and

3. This action be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit authorizing petitioner to file a second or successive petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 14, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
will1866.157

---

339 F.3d 1045, 1048 (9th Cir.2003) (an application for post conviction relief is pending during the intervals between a lower court decision and a filing of a new petition in a higher court).